DLD-214                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2171
_____

IN RE:  BRYANT R. FILTER,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Crim. Nos. 2:09-cr-00123-001 and 2:09-cr-00301-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 16, 2011

Before:  BARRY, FISHER and VAN ANTWERPEN, Circuit Judges.

(Filed:  July 7, 2011 )
_____

OPINION
_____

PER CURIAM

Bryant Filter, a federal prisoner proceeding pro se, seeks to challenge his sentence

via a petition for a writ of mandamus.  For the reasons that follow, we will deny the

petition.

I.

In February 2010, the District Court sentenced Filter to 135 months' imprisonment

and five years of supervised release following his pleading guilty to multiple counts of

fraud in two cases. In both of those cases, there was a written plea agreement that included a provision explicitly waiving his right to file a direct appeal[1] or collaterally attack his conviction or sentence. Despite this provision, Filter appealed from the District Court's judgment of sentence. The Government subsequently moved this Court to enforce the appellate waiver and summarily affirm the District Court's judgment. In June 2010, we granted the Government's motion. See C.A. No. 10-1897.

Shortly thereafter, Filter moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government then moved to dismiss the § 2255 motion in light of the collateral waiver provision in the plea agreements. In October 2010, the District Court concluded that Filter had knowingly and voluntarily waived his right to collaterally attack his sentence, and that enforcing the collateral waiver would not work a miscarriage of justice. Accordingly, the court denied Filter's § 2255 motion, and we subsequently declined to issue a certificate of appealability. See C.A. No. 10-4691.

Filter now once again seeks to challenge his sentence, this time via a mandamus petition.

## II.

A writ of mandamus is a drastic remedy available only in extraordinary situations. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to

---

[1] Although there were a few narrow exceptions to the appellate waiver, none of those exceptions was implicated in this case.

2

attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." <u>Hollingsworth v. Perry</u>, 130 S. Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted). Filter has not made this showing here. Mandamus is not a substitute for an appeal, <u>Madden v. Myers</u>, 102 F.3d 74, 77 (3d Cir. 1996), and Filter cannot use a mandamus petition as a means of circumventing the appellate waiver provision in his plea agreements – a provision that he agreed to knowingly and voluntarily. Accordingly, we will deny the petition for a writ of mandamus.